UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ARABIE,

    Petitioner,

v.

LORI GIDLEY, Warden,

    Respondent.

Case No. 2:15-cv-10673
Honorable Laurie J. Michelson

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [11] AND DENYING PETITION FOR HABEAS CORPUS [1]**

In November 2007, Petitioner David Shan Arabie pled no contest to a charge of second-degree criminal sexual conduct under Michigan law and was sentenced to a prison term of 3 to 15 years. The sentencing judge did not include lifetime electronic monitoring. Later that month, a records audit specialist for the Michigan Department of Corrections sent the judge a letter, informing that due to a 2006 amendment, the criminal sexual conduct statute mandated that Arabie be sentenced to lifetime electronic monitoring. In February 2008, the sentencing judge issued an amended judgment, adding lifetime electronic monitoring to Arabie's sentence.

Arabie seeks a writ of habeas corpus from this Court. He claims that the amendment of his sentence violated the Constitution because (1) he was not informed that he would be subjected to lifetime electronic monitoring before pleading no contest, (2) he did not have an opportunity to be present during his sentencing to lifetime electronic monitoring, and (3) he was deprived of counsel during that phase. (Dkt. 1, Br. in Support of Pet. for Habeas at ii.) He relies in significant part on *People v. Cole*, 817 N.W.2d 497 (Mich. 2012), which held that due process requires a trial court to inform a defendant pleading guilty or no contest to first- or second-degree

criminal sexual conduct that he or she will be sentenced to mandatory lifetime electronic monitoring. (*Id.* at 19, 21, 23.)

Respondent Lori Gidley, the warden of the state prison where Arabie is an inmate, says the Court need not reach the merits of Arabie's claims because he brought them to federal court too late. (*See generally* Dkt. 11, Respondent's Mot. for Summ. J.) The Court agrees.

Under the Antiterrorism and Effective Death Penalty Act of 1996, a "1-year period of limitation" applies "to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Assuming that "the date on which [Arabie's] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" started the limitations clock, *see* § 2244(d)(1)(A), it is plain that Arabie's petition was filed too late. The amended judgment was entered on February 12, 2008. (Dkt. 11, Mot. for Summ. J. App'x B, Register of Actions, Iona County Court at 3.) Under Michigan's procedural rules in effect at the time, Arabie had up to a year post judgment to file a delayed application for leave to appeal. *See* Mich. Ct. R.

7.205(F)(3), (4) (eff. Jan. 1, 2008). Arabie never filed such a request. (*See* Register of Actions, Iona County Court at 3.) In fact, he filed nothing in the state courts until September 2012 when he sought relief from judgment. (*Id.*) Thus, the amended judgment became "final" within the meaning of § 2244(d)(1)(A) on February 12, 2009. *See Jagodka v. Lafler*, 148 F. App'x 345, 346 (6th Cir. 2005); *Brooks v. Greeley*, No. 2:10-CV-137, 2010 WL 3238853, at *2 (W.D. Mich. Aug. 16, 2010). So—if § 2244(d)(1)(A) controls—Arabie's habeas corpus petition was due a year later, on February 12, 2010. Yet Arabie did not sign his petition until January 16, 2015. (*See* Dkt. 1, Pet. for Habeas at 14.)

Arabie's petition fares no better under § 2244(d)(1)(B), (C), or (D). Arabie asserts that the sentencing court's failure to provide him notice of the sentencing amendment was a "'state-created impediment' that prevented [him] from filing his direct appeal." (Pet.'s Resp. to Mot. Summ. J. at 11–12.) But the phrase "impediment to filing an application" in § 2244(d)(1)(B) refers to an "application for a writ of habeas corpus"—not an application for leave to appeal in state court. As for § 2244(d)(1)(C), that plainly applies only to new constitutional rights "recognized by the [United States] Supreme Court." *See Broom v. Strickland*, 579 F.3d 553, 557 (6th Cir. 2009). Arabie does mention *Cole* (Pet.'s Resp. to Mot. Summ. J. at 13–14), but *Cole* is a Michigan, as opposed to United States Supreme Court, decision. And as for § 2244(d)(1)(D), Arabie admits that he received notice of the amendment to his sentence on February 22, 2008, just ten days after it was entered. (Pet.'s Resp. to Mot. Summ. J. at 8.) So if § 2244(d)(1)(D) started the one-year clock, that would have only given Arabie until February 22, 2009 to file his habeas corpus petition.

Finally, although "§ 2244(d) is subject to equitable tolling," the one-year clock is paused only if the habeas petitioner "has been pursuing his rights diligently" and "some extraordinary

circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 645, 649 (2010) (internal quotation mark omitted). Arabie has not made this showing. Even assuming in Arabie's favor that he had no basis to challenge the process used to amend his sentence until the Michigan Supreme Court decided *Cole*, Arabie has not demonstrated diligence since that May 2012 decision. True, only four months after *Cole* issued, Arabie moved for relief from judgment. (*See* Dkt. 12, Rule 5 Materials at Pg ID 194, 208; Register of Actions, Iona County Court at 3.) But the state trial court denied that motion, the Michigan Court of Appeals denied leave to appeal that denial, and the Michigan Supreme Court did the same—all by November 25, 2013. *See People v. Arabie*, 839 N.W.2d 477 (Mich. 2013); (Register of Actions, Iona County Court at 3). Arabie provides no reason for waiting fourteen months, until January 16, 2015, to sign his federal habeas corpus petition. So Arabie has not demonstrated the diligence required for equitable tolling.

For the reasons given, the Court GRANTS Respondent Gidley's summary judgment motion (Dkt. 11) and DENIES Petitioner Arabie's application for habeas corpus (Dkt. 1). The Court finds that reasonable jurists would not debate whether Arabie's petition is time barred, and so the Court will not issue Arabie a certificate of appealablity. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). And, should Arabie nonetheless attempt to appeal, he may not do so without prepaying the filing fee. *See* 28 U.S.C. § 1915(a)(3). The Court DENIES as moot Arabie's motion for appointment of counsel (Dkt. 14). As this order ends this case, a separate judgment will follow.

SO ORDERED.

                                      s/Laurie J. Michelson
                                      LAURIE J. MICHELSON
                                      UNITED STATES DISTRICT JUDGE

Dated: October 19, 2015

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on October 19, 2015.

        s/Jane Johnson
        Case Manager to
        Honorable Laurie J. Michelson